Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel: (949) 263-5992
Facsimile: (949) 209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
HENEY SHIHAD and the Proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – EUREKA DIVISION

| | |
|---|---|
| HENEY SHIHAD, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>WILD PLANET FOODS, INC. and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 1:16-cv-1478<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, *HENEY SHIHAD*, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, Heney Shihad ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant, Wild Planet Foods, Inc.

The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1. Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who purchased 5-ounce cans of branded tuna produced and distributed by Wild Planet Foods, Inc. (hereinafter referred to as "Wild Planet Tuna").

2. Plaintiff brings this action on behalf of himself and a California and Nationwide proposed class of purchasers of Wild Planet Tuna for violations of California Unfair Competition Law, California False Advertising Law, breach of express warranty, breach of the implied warranty of merchantability, fraud and negligent misrepresentation.

3. Plaintiff has purchased and continues to purchase Wild Planet Tuna on a regular basis over a period of several years.

4. Independent testing has been conducted by the National Oceanic and Atmospheric Administration ("NOAA") regarding Wild Planet Tuna that has determined that Wild Planet Foods, Inc. has failed to comply with federally mandated minimum standards pursuant to 21 C.F.R. § 161.190. Specifically, Plaintiff alleges that Wild Planet regularly under-fills its 5-ounce cans of branded tuna yet continues to falsely label and market them as legally compliant "5-ounce" cans.

# PARTIES

5.     Plaintiff, Heney Shihad ("Plaintiff"), is a citizen of California, who resides in the city of Irvine. From approximately 2014 through the present, Plaintiff has regularly purchased 5-ounce cans Wild Planet Tuna. Despite being labeled as containing "5 ounces" of tuna, the cans of Wild Planet Tuna purchased by the Plaintiff were under-filled and were substantially underweight.

6.     Defendant, Wild Planet Foods, Inc. ("Wild Planet") is a Delaware corporation with its principal place of business in McKinleyville, California. Wild Planet is engaged in processing, packaging, and distribution of Wild Planet Tuna, including but not limited to 5-ounce cans of "Wild Planet" and "Sustainable Seas" brand tuna.

7.     That the true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereown alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

8.     On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendant and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiffs to sustain damages as set forth herein. On information and belief, Plaintiffs allege that Defendants carried out a joint scheme with a common

business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

9. On information and belief, Plaintiffs allege that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein.

10. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendant. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12. Plaintiff is a citizen of California and Defendant's principal place of business located in this District. Pursuant to 28 U.S.C. §1391, this Court is the proper venue since the Defendant's principal place of business is located in this District.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

13. In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.* The purpose of such claims is to obtain injunctive orders regarding the false labeling,

deceptive marketing and consistent pattern and practice of under-filling 5-ounce cans of Wild Planet Tuna, to require the disgorgement of all profits and/or restoration of monies wrongfully obtained through Wild Planet's unfair and deceptive business practices, which emanated from their principal place of business in McKinleyville, California, as alleged herein.  This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of their businesses.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action and all claims stated within on their own behalves, and on behalf of all similarly situated persons pursuant to Federal Rule of Civil Procedure 23.

15. The claims and causes of action alleged herein arise under Federal law and California law.

16. Plaintiffs seeks to certify the following classes:

<u>Nationwide Class:</u>

"All persons located in the United States who purchased Wild Planet Tuna" (the "Class")

<u>California Class:</u>

"All persons located in California who purchased Wild Planet Tuna" (the "Sub-Class")

17. Excluded from the class are Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

18. There is a well-defined community of interest in this litigation and the class is easily ascertainable:

    a. <u>Numerosity</u>: The members of the class are so numerous that any form of joinder of all members would be unfeasible and impractical. On information and belief, Plaintiff believes the Class and Sub-Class exceed one million members.

    b. <u>Typicality</u>: Plaintiffs are qualified to and will fairly and adequately protects the interests of each member of the class with whom they have a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the class.

    c. <u>Adequacy</u>: Plaintiff does not have a conflict with the class and is qualified to, and will fairly and adequately protect the interests of each member of the class with whom they have a well- defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any member. Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

    d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

19. There are common questions of law and fact as to the class that predominate over questions affecting only individual members, including but not limited to:

A. Whether Wild Planet has engaged in an unlawful business practice;

B. Whether Wild Planet engaged in unlawful advertising;

C. Whether Wild Planet Tuna cans were under-filled on a class-wide basis;

D. Whether 5-ounce cans of Wild Planet Tuna are substantially underweight;

E. Whether Wild Planet warranted that Wild Planet Tuna contained an adequate amount of tuna in 5-ounce can;

F. Whether Wild Planet knew that it misrepresented the amount of tuna in its 5-ounce cans;

G. Whether Wild Planet knew or should have known that its 5-ounce cans of tuna were under-filled and substantially underweight;

H. Whether Wild Planet warranted that its 5-ounce Wild Planet Tuna was legally compliant when offered for sale;

I. Whether Wild Planet breached warranties in connection with 5-ounce cans of Wild Planet Tuna;

J. Whether or not Wild Planet made misrepresentations, false promises, or reckless statements to Plaintiff and class members.

20. Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

21. This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

# FIRST CAUSE OF ACTION
Violation Of California Business & Professions Code §§17500, et seq.
Plaintiff and Proposed California Class against Defendant

22. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

23. Pursuant to California Business & Professions Code §§ 17500, et seq., it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

24. Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that Wild Planet Tuna contained an adequate amount of tuna for a 5-ounce such that its sale of Wild Planet Tuna was legal in the United States.

25. Defendant knew or should have known, through the exercise of reasonable care that its representations about Wild Planet Tuna were false, untrue and misleading to Plaintiff and class members.

26. Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

27. Plaintiff and the Proposed California Class lost money or property as a result of Defendant's false advertising violations, because Plaintiff and Proposed California Class would not have purchased Wild Planet Tuna if the true facts were known concerning its quantity and failure to comply with FDA regulations, and because the amount of tuna obtained when purchasing Wild Planet Tuna was substantially less than

would have been obtained if other legally compliant brands had been purchased instead of Wild Planet Tuna.

28. Plaintiff and Proposed California Class paid a premium for Wild Planet Tuna due to their reliance on Wild Planet's good faith and reputation and upon Defendant's promises that Wild Planet Tuna contained an adequate amount of tuna for a 5-ounce can.

### SECOND CAUSE OF ACTION
Breach of Express Warranty
By Plaintiff and Proposed Nationwide Class against Defendant

29. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

30. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

31. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Wild Planet Tuna contained an adequate amount of tuna for a 5-ounce can and that Wild Planet Tuna is legal for sale in the United States.

32. Wild Planet Tuna is not fit for such purposes because each of the express warranties are false. Wild Planet Tuna is under-filled and substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is therefore illegal for sale as a "5-ounce can" in the United States.

33. Defendant's breach of express warranty is the direct and proximate cause of Plaintiff and Proposed Nationwide Class members that have been injured and harmed because they would not have purchased Wild Planet Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with federal regulations, they paid a price premium for Wild Planet Tuna due to Defendant's promises that it

contained an adequate amount of tuna for a 5-ounce can, and Wild Planet Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

34. As a proximate result of this breach of warranty by Wild Planet, Plaintiffs and the Class have suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
Breach Of The Implied Warranty Of Merchantability
Plaintiff and Proposed Nationwide Class against Defendant

35. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36. Plaintiffs and the Class purchased Wild Planet Tuna, which, as stated above, bore promises or affirmations of fact on their containers or labels with respect to the stated quantities. Defendant breached the implied warranty of merchantability accompanying such transactions, because Plaintiffs and the Class members did not receive goods that conformed to the promises or affirmations of fact on their containers or labels.

37. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Wild Planet Tuna contained an adequate amount of tuna for a 5-ounce can and that Wild Planet Tuna is legal for sale in the United States.

38. Defendant breached the warranty implied in the contract for the sale of Wild Planet Tuna, because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Wild Planet Tuna is under-filled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States. As a result, Plaintiff

and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

39. Plaintiff and Proposed Nationwide Class members purchased Wild Planet Tuna in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose. Wild Planet Tuna was neither altered by Plaintiff nor Proposed Nationwide Class members. Wild Planet Tuna was defective when it left the exclusive control of Defendant. Defendant knew that Wild Planet Tuna would be purchased and used without additional testing by Plaintiff and Class members.

40. Wild Planet Tuna was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

41. Defendant's breach of the implied warranty is the direct and proximate cause of Plaintiff and Proposed Nationwide Class members have been injured and harmed, because they would not have purchased Wild Planet Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with federal regulations, they paid a price premium for Wild Planet Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can, and Wild Planet Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

42. As a proximate result of this breach of warranty by Wild Planet, Plaintiffs and the Class have suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
Violations of California Commercial Code § 2314
By Plaintiff and Proposed California Class against Defendant

43. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44. Defendant is a "merchant" as to the products within the meaning of California Commercial Code § 2104.  It manufactured, distributed and marketed Wild Planet Tuna, which are "goods" within the meaning of California Commercial Code § 2105. Consequently, pursuant to California Commercial Code § 2314, Wild Planet impliedly warranted that Wild Planet Tuna was merchantable, including that it would conform to the promises or affirmations of fact made on containers or labels.

45. Plaintiffs and the Class purchased Wild Planet Tuna, which, as stated above, bore promises or affirmations of fact on their containers or labels with respect to the stated quantities.  As also stated above, Defendant breached the implied warranty of merchantability accompanying such transactions, because Plaintiffs and the Class members did not receive goods that conformed to the promises or affirmations of fact on their containers or labels. Cal. Com. Code § 2314(1) and (2)(f).

46. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Wild Planet Tuna contained an adequate amount of tuna for a 5-ounce can and that Wild Planet Tuna is legal for sale in the United States.

47. Defendant breached the warranty implied in the contract for the sale of Wild Planet Tuna, because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Wild Planet Tuna is under-filled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.  The cans of Wild Planet Tuna purchased by the Plaintiff and the proposed class were not altered by Plaintiff or the Class, and the contents of the 5-ounce cans of

Wild Planet Tuna tested for compliance with federal standard were not altered by any person or entity.

48. Plaintiff and Proposed California Class members purchased Wild Planet Tuna in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose. Wild Planet Tuna was defective when it left the exclusive control of Defendant. Defendant knew that Wild Planet Tuna would be purchased and used without additional testing by Plaintiff and Class members.

49. Wild Planet Tuna was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

50. Defendant's breach of the implied warranty is the direct and proximate cause of Plaintiff and Proposed Nationwide Class members have been injured and harmed, because they would not have purchased Wild Planet Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with federal regulations, they paid a price premium for Wild Planet Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can, and Wild Planet Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

51. As a proximate result of this breach of warranty by Wild Planet, Plaintiffs and the Sub-Class have suffered damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
Fraud
Plaintiff and Proposed Nationwide Class against Defendant

52. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

53. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

54. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Wild Planet Tuna.

55. Defendant misrepresented the actual amount contained in its 5-ounce cans of Wild Planet Tuna and/or failed to disclose that it contained an inadequate amount of tuna for a 5-ounce can and/or that it was illegal for sale.

56. These misrepresentations and omissions were made with knowledge of their falsehood.

57. The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Wild Planet Tuna.

58. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

**SIXTH CAUSE OF ACTION**
Negligent Misrepresentation
Plaintiff and Proposed Nationwide Class against Defendant

59. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

61. Defendant misrepresented that Wild Planet Tuna contained an adequate amount of tuna for a 5-ounce can or failed to disclose that it contains an inadequate amount or that it was illegal for sale. Defendant had a duty to disclose this information.

62. At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

63. Defendant negligently misrepresented the amount and quantity of Wild Planet Tuna and/or negligently omitted material facts about Wild Planet Tuna. Plaintiff and the Class relied upon the negligent statements or omissions.

64. The negligent misrepresentations and/or omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Wild Planet Tuna.

65. Plaintiff and Class members would not have purchased Wild Planet Tuna if the true facts had been known.

66. The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## SEVENTH CAUSE OF ACTION
Violation California Business & Professions Code §§ 17200, et seq.
By Plaintiff and Proposed California Class against Defendant

67. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68. Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against Defendant.

69. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

70. Defendant's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the California Consumer's Legal Remedy Act, California's False Advertising Act, and California Commercial Code.

71. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

72. Defendant violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about Wild Planet Tuna, as described herein this complaint.

73. Plaintiff and the Subclass lost money or property as a result of Defendant's UCL violations because: (a) they would not have purchased Wild Planet Tuna if the true facts were known concerning its quantity and failure to comply with federal regulations and they paid a price premium for Wild Planet Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can.

74. Defendant's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State. Further, any justification for Defendant's wrongful conduct is outweighed by the adverse effects of such conduct.

75. Plaintiff and Sub-Class members could not reasonably avoid the harm caused by Defendant's wrongful practices. Assuming, arguendo, that Defendant's practices are not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be-tethered to the public policies expressed therein. Thus, Defendant engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

76. Plaintiff and the Sub-Class are entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure

b. Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

c. For an order declaring the Defendant's conduct violates the statutes and laws referenced herein;

d. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

e. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f. For prejudgment interest on all amounts awarded;

g. For an order of restitution and all other forms of equitable monetary relief;

h. For injunctive relief as pleaded or as the Court may deem proper; and

i. For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

# DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: March 25, 2016          **NATHAN & ASSOCIATES, APC**

                               By:    /s/ Reuben D. Nathan
                                      Reuben D. Nathan,
                                      Attorney for Plaintiff,
                                      *HENEY SHIHAD*

Dated: March 25, 2016          **LAW OFFICES OF ROSS CORNELL, APC**

                               By:    /s/ Ross Cornell
                                      Ross Cornell,
                                      Attorney for Plaintiff,
                                      *HENEY SHIHAD*